UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

ABBAS CORPORATION (PVT) LIMITED,

                        Plaintiff,

      v.

MICHAEL AZIZ ORIENTAL RUGS, INC.,
MICHAEL AZIZ, MARK AZIZ,
JOSHUA AZIZ, SORAYA AZIZ and
HOME INTERIORS CORP.

                        Defendants.

----------------------------------------------------------x

Civil Action No.
14 CV 6771 (VM)


## DEFENDANTS' MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
By:    Douglas J. Pick
        Eric C. Zabicki

*Counsel to Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ......................................................................... 2

ARGUMENT ........................................................................................... 2

    A.  Summary Judgment Standard .................................................. 2

    B.  Collateral Estoppel Standard .................................................. 3

    C.  Summary Judgment is Not Warranted as to
          Abbas' Veil Piercing Claim Against Michael ...................................... 5

    D.  Summary Judgment is Not Warranted as to Abbas'
          Fraudulent Conveyance Claims Against Michael and Joshua ..................... 10

          1.  *No Claim Under NY DCL §273 Can*
             *Be Maintained Against Michael or Joshua Aziz* ........................... 10

          2.  *The Rulings in the Massachusetts Action Do Not Conclusively*
             *Establish Actual Fraudulent Intent under NY DCL §276* ................. 13

          3.  *No Basis Demonstrated for Award of*
             *Attorneys' Fees Under NY DCL §276-a* ..................................... 14

          4.  *No Independent Claim Exists Under NY DCL §278* ....................... 16

    E.  Summary Judgment is Not Warranted as to Abbas' Alleges
          Breach of Fiduciary Duty Claims Against Michael and Soraya .................. 17

CONCLUSION ........................................................................................ 20

# TABLE OF AUTHORITIES

**Federal Cases**                                                 **Page(s)**

Am. Federated Title Corp. v GFI Mgmt. Servs.,
2015 U.S. Dist. LEXIS 114787 (S.D.N.Y. 2015) ................................................... 6

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) ................................................................................................... 3

Atlanta Shipping Corp., Inc. v. Chem. Bank,
818 F.2d 240 (2d Cir. 1987) ................................................................................ 11 n. 5

Ball v. A.O. Smith Corp.,
451 F.3d 66 (2d Cir. 2006) ......................................................................................... 3

Barnard v. Albert (In re Janitorial Close-Out City Corp.),
2013 Bankr. LEXIS 523 (Bankr. E.D.N.Y. 2013) ......................................... 14 n. 7, 15

Bullock v. Bankchampaign,
133 S.Ct. 1754 (2013) .............................................................................................. 17

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) ........................................................................................... 2, 3

Gartner v. Snyder,
607 F.2d 582 (2d Cir. 1979) ....................................................................................... 6

Gentry v. Kovler (In re Kovler),
249 B.R. 238 (Bankr. S.D.N.Y. 2000) ................................................................. 14 n. 7

Geren v. Quantum Chem. Corp.,
No. 95-7554, 1995 WL 737512 (2d Cir. 1995) ....................................................... 17

HBE Leasing v. Frank,
48 F.3d 623 (2d Cir. 1995) ............................................................................... 11 n.5, 12

HBE Leasing v. Frank,
61 F.3d 1054 (2d Cir. 1995) ..................................................................................... 10

ITEL Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.,
909 F.2d 698 (2d Cir. 1990) ....................................................................................... 6

Lafleur v. Whitman,
300 F.3d 256 (2d Cir. 2002) ....................................................................................... 4

Lisa Ng v. Adler (In re Adler),
494 B.R. 43 (Bankr. E.D.N.Y. 2013) ......................................................................... 7

TABLE OF AUTHORITIES (CONTINUED)

**Federal Cases (Continued)**                                                   **Page(s)**

Mid-Island Hospital, Inc. v. Empire Blue Cross-Blue Shield,
276 F.3d 123 (2d Cir. 1993) ............................................................... 17

Purdy v. Zeldes,
337 F.3d 253 (2d Cir. 2003) ............................................................... 3

RSL Communications PLC v. Bildirici,
649 F.Supp.2d 184 (S.D.N.Y. 2009) .................................................. 17

Sharp Int'l Corp. v. State St. Bank & Trust Co.,
403 F.3d 43 (2d Cir. 2005) ................................................................ 10

In re Singh,
434 B.R. 298 (Bankr. E.D.N.Y. 2010) ............................................... 13

U.S. v. McCombs,
30 F.3d 310 (1994) ...................................................................... 11-12

**New York Cases**

Abelman v. Shoratlantic Dvt. Co., Inc.,
153 A.D.2d 821 (2d Dep't 1989) ......................................................... 7

Kaufman v. Eli Lilly & Co.,
65 N.Y.2d 449 (1985) ........................................................................ 3

Lowendahl v. Baltimore & Ohio R.R. Co.,
287 N.Y.S. 62 (N.Y. App. Div. 1936) .................................................. 7

Lowendahl v. Baltimore & Ohio R.R. Co.,
6 N.E.2d 56 (1936) ............................................................................ 7

Matias v. Mondo Props. LLC,
43 A.D.3d 367 (1st Dep't 2007) ....................................................... 6, 7

New York Credit Men's Adjustment Bureau, Inc. v. Weiss,
278 A.D. 501 (1st Dep't 1951) ...................................................... 17, 18

New York Credit Men's Adjustment Bureau, Inc. v. Weiss,
305 N.Y. 1 (1953) ............................................................................ 17

Retropolis, Inc. v. 14th St. Dev. LLC,
17 A.D.3d 209 (1st Dep't 2005) ...................................................... 6, 7

## TABLE OF AUTHORITIES (CONTINUED)

**New York Cases**                                                                                                  **Page(s)**

Salzman Sign Co. v. Beck,
10 N.Y.2d 63 (1961) ……………………………………………………............... 5

Sheridan Broadcasting Corp. v. Small,
19 A.D. 3d 331 (1st Dept. 2005) …………………………………………………… 7

Shisgal v. Brown,
21 A.D.3d 845 (1st Dep't 2005) …………………………………………………… 7

TNS Holdings, Inc. v. TradeNET, Inc.,
92 N.Y.2d 335 (1998) …………………………………………………………… 6, 7

Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,
933 F.2d 131 (2d Cir. 1991) …………………………………………………… 6, 7

**Statutes and Rules**

Fed. R. Civ. P. 56 ……………………………………………………………... 1

Fed. R. Civ. P. 56(c) …………………………………………………………… 2

New York Debtor and Creditor Law §272 …………………………...…………… 10, 11 n. 5

New York Debtor and Creditor Law §273 …………………………...………….. 10, 11, 16

New York Debtor and Creditor Law §274 ………………………...……………… 16

New York Debtor and Creditor Law §275 ………………………...……………… 16

New York Debtor and Creditor Law §276 ………………………..…… 13, 14, 14 n. 7, 15, 16

New York Debtor and Creditor Law §276-a ………………………..…………….. 14, 15

New York Debtor and Creditor Law §278 ………………………..……………….. 16

**Secondary Sources**

Good Faith and Fraudulent Conveyances,
97 HARV. L. REV 495 (1983) ………………………………………………… 12

## PRELIMINARY STATEMENT

Defendants Michael Aziz Oriental Rugs, Inc. ("Aziz, Inc."), Michael Aziz ("Michael"), Joshua Aziz ("Joshua"), and Soraya Aziz ("Soraya") respectfully submit this memorandum of law in partial opposition to the motion (the "Motion") of plaintiff Abbas Corporation (PVT) Limited ("Abbas") for entry of an Order, pursuant to Fed. R. Civ. P. 56, granting summary judgment in Abbas' favor: (a) against Aziz, Inc. on the first claim for relief for breach of a loan agreement[1]; (b) against Michael and Joshua Aziz on the second, third and fourth claims for fraudulent conveyance; (c) against Michael and Soraya Aziz on the fifth claim for relief for breach of fiduciary duty to creditors of an insolvent corporation; and (d) against Michael on the sixth claim for relief for piercing the corporate veil.[2]

The Motion is predicated entirely upon the purported collateral estoppel effect of a Memorandum Decision and Order (the "Massachusetts Decision") entered by the United States District Court for the District of Massachusetts on April 19, 2016 in an action titled *Abbas Corporation (PVT) Ltd. v. Michael Aziz, Inc.*, 14-mc-91053, in which Home Interiors Corp. ("Home Interiors") (also a defendant herein) was granted permission to intervene (the "Massachusetts Action"). Specifically, Abbas contends that the *limited* issues ruled upon in the Massachusetts Action concerning the *limited* rights of the *limited* parties thereto conclusively establish all of the necessary elements of Abbas' fraudulent conveyance, breach of fiduciary duty, and piercing the corporate veil claims against Michael, Joshua and Soraya asserted in this action.

---

[1] Aziz, Inc. does not dispute that it is liable to Abbas on account of the $500,000 loan made to it by Abbas and, as such, Aziz, Inc. does not contest the Motion to the extent that it seeks relief solely as against Aziz, Inc. However, Michael, Joshua and Soraya vehemently dispute that Abbas has demonstrated that it is entitled to summary judgment on any of its claims for relief against them personally and individually.

[2] Abbas does not request any relief as against defendants Mark Aziz or Home Interiors Corp. by way of the Motion. As such, opposition to the Motion is being submitted on behalf of Aziz, Inc., Michael, Joshua and Soraya only (the "Responding Defendants"). Mark Aziz and Home Interiors Corp. reserve all rights, defenses and remedies with regard to the claims for relief asserted against them by Abbas.

Abbas is "too cute by half" in this regard as the preclusive effect of the rulings in the Massachusetts Action are far more limited than Abbas contends or hopes. Said rulings do not come close to establishing the necessary elements of any of Abbas' claims for relief asserted in this action. In order to mask this inconvenient fact, Abbas merely repeats, as if a mantra, Judge Hillman's characterization of Home Interiors as a "sham corporation" with regard to the limited transaction at issue in the Massachusetts Action throughout the Motion rather than offering any actual meritorious argument as to the preclusive effect of the Massachusetts Decision upon the claims, issues and defenses at issue in this case.

In any case, it is obvious that, and at a minimum, numerous issues of material fact exist with regard to each of Abbas' claims for relief. Accordingly, the Motion should be denied as to Abbas' request for summary judgment on its second through sixth claims for relief against the Responding Defendants as Abbas has not met its burden to establish that, based upon the undisputed material facts, it is entitled to judgment thereon as a matter of law.

## STATEMENT OF FACTS

The relevant underlying facts are set forth in the Motion, in the accompanying Declarations in Partial Opposition and in Defendants' Counter Statement of Disputed Material Facts and in the Massachusetts Decision. As such, the Responding Defendants will not belabor the Court by repeating those facts at length herein.

## ARGUMENT

**A.    Summary Judgment Standard**

Summary judgment is normally granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving

2

party meets its initial burden of identifying those portions of the record demonstrating the absence of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to raise an issue of material fact such that one could reasonably expect that the trier of fact could return a verdict in the nonmoving party's favor.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   To meet this burden of rebuttal, the nonmoving party must come forward with affirmative evidence in admissible form showing a genuine issue of material fact exists for trial.   Celotex, 477 U.S. at 324.   A "material" fact is one that "might affect the outcome of the suit under the governing law" and a dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 428.

## B.   Collateral Estoppel Standard

"Federal principles of collateral estoppel are applied to establish the preclusive effect of a prior federal judgment.   It requires that: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."   Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (quoting Purdy v. Zeldes, 337 F.3d 253, 258 & n.5 (2d Cir. 2003)  (internal quotation marks omitted)).   In New York, collateral estoppel prevents a party from relitigating an issue that was decided in an earlier proceeding where the party against whom preclusion is to be applied had a full and fair opportunity to litigate the issue.   See Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449,456 (1985). To establish the identity of the issues, the matter must have been "actually litigated and determined in a prior action." Kaufman 65 N.Y.2d at 456 (citations omitted).   Further, "the issue that was raised previously must be decisive of the

3

present action." Lafleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (internal citations and quotation marks omitted).

Turning to the instant case, the Responding Defendants respectfully submit that the collateral estoppel effect of the Massachusetts Decision, if any, on the matters at issue in this case does not serve to establish that Abbas is entitled to judgment as a matter of law on any of its claims for relief.   At the outset, the matters at issue in the Massachusetts Action were far from "identical" to those before this Court.   Specifically, the Massachusetts Action involved only the adjudication of the relative priorities of Abbas and Home Interiors in and to certain property of Aziz, Inc. within the possession of a third party, *i.e.*, a receivable owed to Aziz, Inc. by Arthur T. Gregorian, Inc. on account of goods sold and delivered (the "Gregorian Receivable").   In ruling on this limited issue, Judge Hillman only found that Home Interiors was the alter ego of Aziz, Inc. and Michael such that any security interest asserted by Home Interiors (as the assignee of VNB New York Corp. ("VNB")) against the Gregorian Receivable (an asset of Aziz, Inc.) was a nullity.   In contrast, at issue in this case are Abbas' claims against Michael, Joshua and Soraya, none of whom were a party to the Massachusetts Action (in fact, of the six (6) defendants in this case, only two (2) of them, *i.e.*, Aziz, Inc. (as the sole defendant) and Home Interiors (as an intervenor), were parties to the Massachusetts Action), for fraudulent conveyance, breach of fiduciary duties to creditors of an insolvent corporation and piercing the corporate veil each of which, as discussed at length below, involves its own unique, fact intensive, set of necessary elements which must be established by Abbas.   Clearly none of said issues was "actually litigated and decided", nor did Michael, Joshua or Soraya have a "full and fair opportunity to litigate" said issues, in the Massachusetts Action. The mere fact that Judge Hillman characterized Home Interiors as a "sham corporation" does not change this fact no matter how many times Abbas points it out.

4

Also, contrary to Abbas' interpretation of the Massachusetts Decision, Judge Hillman did not determine *that Aziz, Inc. and Michael were alter egos of one another*.   Rather, Judge Hillman only found that Home Interiors was the alter ego of Aziz, Inc. and Michael and, thus, the security interest acquired by Home Interiors from VNB should be disregarded.   Neither this finding, nor any other made by Judge Hillman, is dispositive as to whether this Court should pierce the corporate veil of Aziz, Inc. so as to hold Michael personally liable for the corporate debts of Aziz, Inc. to Abbas.   Similarly, although Judge Hillman took issue with the transactions and manner by which Home Interiors acquired the rights of VNB against Aziz, Inc.'s assets, this is also not dispositive of whether the corporate veil of Aziz, Inc. should be pierced or whether Michael breached any fiduciary duty owed to creditors of Aziz, Inc.   It is also important to note (as Judge Hillman did) that the funds that Home Interiors utilized to pay the legitimate corporate obligations of Aziz, Inc. to VNB came from Michael (and Joshua) personally.   As such, Abbas is hard pressed to establish that the matters at issue before Judge Hillman constituted a breach of fiduciary duty on the part of Michael that resulted in harm to all of the creditors of Aziz, Inc, both collectively and singularly.[3]   Put simply, nothing stated in the Massachusetts Decision establishes that Abbas is entitled to judgment as a matter of law on any of its claims for relief asserted in this action.

**C.   Summary Judgment is Not Warranted as to Abbas' Veil Piercing Claim Against Michael**

It is black-letter law that an individual cannot be held liable for the corporation's obligations merely by virtue of his or her status as an officer, director or shareholder thereof.   Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 67 (1961).   The Court of Appeals has repeatedly

---

[3] Arguably, if Home Interiors had not paid VNB and had not obtained the corresponding assignment of VNB's security interests in Aziz, Inc.'s assets, the remaining inventory and the Gregorian Receivable would ultimately have been surrendered to and liquidated by VNB.   Clearly, if anything, the payment to VNB created value to Aziz, Inc.'s estate.

5

emphasized that '[t]hose seeking to pierce a corporate veil ... bear a heavy burden.'" <u>Am. Federated Title Corp. v GFI Mgmt. Servs.</u>, 2015 U.S. Dist. LEXIS 114787, at *29 (S.D.N.Y. Aug. 28, 2015) (internal citations and quotation marks omitted).   New York law will permit a disregard of the corporate form only where there is either "a showing of fraud or upon complete control by the dominating corporation that leads to a wrong against third parties." <u>Wm. Passalacqua Builders v. Resnick Developers S.</u>, 933 F.2d 131,138 (2d Cir. 1991) (<i>citing</i> <u>ITEL Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.</u>, 909 F.2d 698, 703 (2d Cir. 1990)).   In other words, the corporate veil may "be pierced either when there is fraud or when the corporation has been used as an alter ego ..." <u>ITEL Containers</u>, 909 F.2d at 703; <i>see also</i> <u>Gartner v. Snyder</u>, 607 F.2d 582,586 (2d Cir. 1979).

Although a party may seek to hold an officer, director or shareholder of a corporation individually liable, the party must first allege facts sufficient for the application of the doctrine of piercing the corporate veil (<i>e.g.</i>, evidencing complete domination and control over the corporation by the officer, director or shareholder sought to be held personally liable or other abuse of the corporate form so as to perpetrate a wrong or injustice such as the failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and the personal use of corporate funds).  <i>See, e.g.,</i> <u>Matias v. Mondo Props. LLC</u>, 43 A.D.3d 367, 367 (1st Dep't 2007)); <u>Retropolis, Inc. v. 14th St. Dev. LLC</u>, 17 A.D.3d 209 (1st Dep't 2005); <u>TNS Holdings, Inc. v. TradeNET, Inc.</u>, 92 N.Y.2d 335, 339 (1998).   Abbas has not met that initial burden.

"Indicia of a situation warranting veil-piercing include: '(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, <i>i.e.</i>, issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate

6

purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms-length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.'" Shisgal v. Brown, 21 A.D.3d 845, 848 (1st Dep't 2005) (*quoting* Wm. Passalacqua Builders, 933 F.2d at 139). Per the very language of the standard, a determination of liability based on the alter ego theory is a determination that the party in control is the "real actor." *See* Wm. Passalacqua Builders, 933 F.2d at 138 (*citing* Lowendahl v. Baltimore & Ohio R.R. Co., 287 N.Y.S. 62(N.Y. App. Div. 1936), *aff'd*, 6 N.E.2d 56 (1936). By definition, an alter ego corporation possesses no independent volition. Lisa Ng v. Adler (In re Adler), 494 B.R. 43,53 (Bankr. E.D.N.Y. 2013).

Additionally, it is well-settled that a party invoking the doctrines of piercing the corporate veil or alter ego liability must allege facts (i.e. from a person with actual knowledge together with documentary proof) sufficient to support the application. *See, e.g.,* Matias, *supra*; Retropolis, *supra*; TNS Holdings, Inc., 92 N.Y.2d at 339. Given the courts' reluctance to disregard the corporate form, complaints seeking to pierce the corporate veil or impose alter ego liability *require specificity in pleading*. Sheridan Broadcasting Corp. v. Small, 19 A.D. 3d 331, 332 (1st Dept. 2005) (plaintiffs must allege "particularized statements detailing fraud or other corporate misconduct") (emphasis added); Abelman v. Shoratlantic Dvt. Co., Inc., 153 A.D.2d 821 (2d Dep't 1989) (a plaintiff may not rely upon conclusory statements but must allege specific facts

showing that one corporation exercised dominion over the affiliated entity).[4]

In support of its request for summary judgment on its veil piercing claim against Michael, Abbas fails to provide any documentary evidence or any affidavit from Abbas or anyone else purported by Abbas to have personal knowledge (instead relying solely upon an affidavit of its counsel) establishing a *prima facie* case that Michael abused the corporate form of Aziz, Inc. warranting the piercing of the corporate veil of Aziz, Inc. and/or that Michael should be treated as the alter ego of Aziz, Inc. in relation to any transactions with Abbas underlying the amounts sought to be recovered in this action. Rather, Abbas once again points only to Judge Hillman's ruling that Home Interiors was the alter ego of Aziz, Inc. and Michael such that the security interest in the Gregorian Receivable asserted by Home Interiors should be disregarded and once again seizes upon Judge Hillman's characterization of Home Interiors as a "sham corporation". Again, this ruling (concerning a transaction that occurred in 2013) is not dispositive of, and is in fact entirely different from, the issue of whether Abbas can establish at trial (let alone has established such as to warrant summary judgment in Abbas' favor) any meritorious basis to hold Michael personally liable for either the amounts owed by Aziz, Inc. under the judgment entered in favor of Abbas in the prior action before this Court on account of goods sold and delivered (prior to 2010) or for the

---

[4] Plaintiff's only argument in support of the relief requested are conclusory and self-serving statements from its counsel, including the following:

   (i) "Michael Aziz's scheme not only was intended to steal the Gregorian Receivable. In addition Michael Aziz used his alter ego Home Interiors to steal no less than $186,219 worth of inventory owned by Aziz, Inc. and to transfer it to Home Interiors (his alter ego) for no consideration in order to prevent Abbas from levying on it." (*See* ¶ 26 to the Glauber Affidavit; and

   (ii) "The transfer of $186,219 worth of Aziz, Inc.'s inventory for no consideration to Home Interiors - - the dummy corporation found to be the alter ego of both Michael Aziz and Aziz, Inc. - - was a clear breach of fiduciary duty by Michael and Soraya Aziz and a fraudulent conveyance by both Michael Aziz and Joshua Aziz. No consideration was paid for this transfer and there was no legitimate business reason for it other than to prevent Abbas from levying on it in furtherance of its rights as a judgment creditor" (*See* ¶ 29 to the Glauber Affidavit).

amounts loaned by Abbas to Aziz, Inc. (in 2008).   Clearly, nothing stated in the Massachusetts Decision or otherwise presented by Abbas touches upon any of the factors considered under New York law in this regard such as the absence of corporate formalities, inadequate capitalization, commingling of assets, personal use of corporate funds, the corporation was merely a shell entity, etc.   Even if such factors were present, Abbas would also have to demonstrate that Michael, through Aziz, Inc., perpetrated a wrong or injustice on Abbas in connection with the underlying transactions between Aziz, Inc. and Abbas.   However, neither anything stated in the Massachusetts Decision nor anything presented by Abbas make any such showing.   In any event, as confirmed by the documentary evidence and declarations of Michael, Joshua Aziz and Soraya Aziz submitted in partial opposition to the Motion, and at a minimum, numerous issues of material fact exist with regard to Abbas' veil piercing and other claims asserted against the Responding Defendants.

Abbas' utter and complete failure to meet its burden with regard to the Motion is conspicuous since Abbas has acknowledged that "full discovery took place in the Massachusetts action, including document production by Home Interiors and Abbas and deposition testimony given by Michael Aziz and Joshua Aziz" (*See* ¶ 23 to Abbas' Statement of Undisputed Material Facts (the "Abbas Rule 56 Statement").   Said document production and deposition testimony were in addition to the document production made while Aziz, Inc. was a Chapter 11 Debtor in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (*i.e.,* both generally through, among other things, the filing of monthly operating reports verified under penalties of perjury as well as documents produced in response to specific requests of Abbas and an examination of Michael under oath).   This was also in addition to the investigation conducted by a forensic accountant retained by Abbas to review all of the corporate records of

9

Aziz, Inc. and to review its existing inventory.   There is no dispute that there has always been full transparency and full cooperation from the Responding Defendants in providing information and documents to Abbas and its counsel.

For the foregoing reasons, it is respectfully submitted that issues of material fact exists which must be resolved at trial concerning Abbas' sixth claim for relief and, thus, Abbas' request for summary judgment thereon should be denied.

**D.    Summary Judgment is Not Warranted as to Abbas' Fraudulent Conveyance Claims Against Michael and Joshua**

Respectfully, it is evident that Abbas is also not entitled to summary judgment on any of its fraudulent conveyance claims under the New York Debtor and Creditor Law.

*1.   No Claim Under NY DCL §273 Can Be Maintained Against Michael or Joshua Aziz*

Section 273 of the New York Debtor and Creditor Law, titled "Conveyances by insolvent", provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." However, New York law offers a possible safe harbor to alleged fraudulent transferees when there exists either fair consideration paid or, in the alternative, that the transferee acted in good faith.   Specifically, "fair consideration" consists of two elements – a "fair equivalent" exchange and good faith. The good faith element is that of the transferee.   HBE Leasing v. Frank, 61 F.3d 1054,1058-59, 1059 n.5 (2d Cir. 1995); *see* Sharp Int'l Corp. v. State St. Bank & Trust Co., 403 F.3d 43, 54 n.4 (2d Cir. 2005).   Additionally, §272 of the New York Debtor and Creditor Law provides as follows:

Fair consideration is given for property, or obligation,

    a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

    b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compare with the value of the property, or obligation obtained.

In this case, the alleged fraudulent transfer at issue is Aziz, Inc.'s surrender, as transferor, of its remaining assets to Home Interiors, as transferee. It is not disputed that Home Interiors, utilizing funds provided personally by Michael and Joshua, purchased Aziz, Inc.'s secured debt totaling $415,277.43 from VNB (along with VNB's corresponding security interests in Aziz, Inc.'s assets) for $366,782.43. It is also not disputed that the assets of Aziz, Inc. that were subsequently "transferred" to Home Interiors consisted entirely of the $136,000 Gregorian Receivable and inventory with a book value of $186,000 (a total value of, at most, $322,000). It is also not disputed that Aziz, Inc.'s "transfer" of said assets to Home Interiors was in satisfaction of an antecedent debt owed by Aziz, Inc. to Home Interiors (as assignee of VNB) which debt was secured by the value of said assets.[5] As such, it is clear that a "fair equivalent" was paid in connection with the transfer of Aziz, Inc.'s assets at issue.

Abbas apparently contends that, notwithstanding the exchange of "fair equivalent" value, the transfer was nevertheless "constructively" fraudulent under §273 of the New York Debtor and Creditor Law because Michael and Joshua, in their individual capacities, allegedly lacked good faith. Good faith is somewhat of an "elusive concept" that is hard to navigate in a constructive fraud statute that does not require proof of intent. Sharp Int'l, 403 F.3d at 54; U.S. v.

---

[5] It is well-settled that the repayment of a debt constitutes fair consideration, satisfying both prongs of DCL § 272, unless the transferee is an officer, director or major shareholder of the transferor. Atlanta Shipping Corp., Inc. v. Chem. Bank, 818 F.2d 240,249 (2d Cir. 1987); accord Sharp Int'l, 403 F.3d at 54; HBE Leasing, 48 F.3d at 634.

McCombs, 30 F.3d 310, 326 n.1 (1994).   Nevertheless, it is a separate element from whether a fair equivalent was exchanged and reflects the overarching principle that the law protects a *bona fide* purchaser for value, even one who takes his interest from a fraudulent transferor.   *See* Good Faith and Fraudulent Conveyances, 97 HARV. L. REV 495,498 n.16 (1983). Thus, good faith focuses on the transferee's knowledge of the transferor's alleged fraudulent intent, if any, and is lacking where the transferee knew, or should have known, that he was not trading normally, but that on the contrary, the purpose of the trade, so far as the debtor was concerned, was the defrauding of his creditors. HBE Leasing v. Frank, 48 F.3d 623,636 (2d Cir. 1995).

Again, neither Michael nor Joshua were transferees or transferors with regard to the transfer at issue.   As such, any assessment of Michael or Joshua's good faith in connection with said transfer can only be considered through the narrow lens of piercing the corporate veil which, as discussed above, Abbas has failed to establish any meritorious basis for as to either Aziz, Inc. or Home Interiors.   Indeed, it is not disputed that Joshua was never an officer, director or shareholder of Aziz, Inc., the transferor of the property at issue.   Additionally, upon a close review of the Motion, there is nothing to be found anywhere that Joshua (or, in fact, Michael) lacked good faith or that his intentions in allowing Home Interiors to accept the surrender of Aziz, Inc.'s assets was otherwise suspect.

There is also no dispute that Home Interiors had its own, independent, counsel representing and advising it.   It is also not disputed that, after acquiring the inventory, Home Interior moved the inventory to a new floor in the storage facility, that access to the inventory was limited to Joshua, that Home Interiors operated out of a different location (Joshua's home), used a different telephone number, and the like.   Other than the conjecturous and unsupported conclusory allegations of Abbas' counsel, there are no allegation whatsoever by Abbas that

12

Michael assisted Joshua in this regard or was otherwise involved with Home Interiors in any fashion.[6]   Indeed, Joshua had every right to believe that the assets could be surrendered to and would thereby become the property of Home Interiors upon Aziz, Inc.'s surrender thereof given Home Interiors acquisition of the loan documents/loan debt from VNB.

For the foregoing reasons, it is respectfully submitted that Abbas' second claim for relief should be dismissed or, at a minimum, Abbas' request for summary judgment thereon should be denied as numerous issues of material fact exists which must be resolved at trial.

2.   *The Rulings in the Massachusetts Action Do Not Conclusively Establish Actual Fraudulent Intent under NY DCL §276*

Section 276 of the New York Debtor and Creditor Law, titled "Conveyance made with intent to defraud", provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."   Respectfully, Abbas has not met its ultimate burden to demonstrating, through admissible documentary evidence or affidavit, that Aziz, Inc.'s assets were transferred with any "actual" (as opposed to constructive or presumptive) intent to defraud creditors.   Under New York law, actual fraudulent intent of a transferor must be proven by clear and convincing evidence.   *See, e.g.*, In re Singh, 434 B.R. 298, 311 (Bankr. E.D.N.Y. 2010).

In support of its request for summary judgment on its claims against Michael and Joshua for an actual fraudulent conveyance under §276 of the New York Debtor and Creditor Law, Abbas relies entirely upon the Massachusetts Decision.   However, neither Michael nor Joshua were parties to the Massachusetts Action and the issue of whether Aziz, Inc.'s assets were

---

[6] There is no dispute that Home Interiors was unable to collect the Gregorian Receivable due to disputes with Gregorian over the party to be paid (*i.e.*, Home Interiors or Abbas).   There is also no contention that Michael ever tried to intervene in the dispute with respect to the collection of the Gregorian Receivable.

transferred to Home Interiors with actual intent to hinder, delay or defraud creditors was not at issue.  In fact, the word "fraud" does not appear anywhere in the Massachusetts Decision.  The only issue that is even close to "fraud" concerned whether Michael/Aziz, Inc., through Home Interiors, perpetrated an "injustice" such that the court should equitably extinguish Home Interiors' security interest in the Gregorian Receivable.  Respectfully, this falls well short of clear and convincing evidence of any actual fraudulent intent under §276 of the New York Debtor and Creditor Law.  Additionally, and as discussed at length in their accompanying declarations, numerous good faith grounds existed for Aziz, Inc.'s surrender of its assets to Home Interiors, including the desire to pay a significantly reduced sum in connection with Aziz, Inc.'s secured debt which VNB would only agree to accept from a party other than Michael or Aziz, Inc.[7]

For the foregoing reasons, it is respectfully submitted that issues of material fact exists which must be resolved at trial concerning Abbas' third claim for relief and, thus, Abbas' request for summary judgment thereon should be denied.

3.    *No Basis Demonstrated for Award of Attorneys' Fees Under NY DCL §276-a*

Section 276-a of the New York Debtor and Creditor Law, titled "Attorneys' fees in action or special proceeding to set aside a conveyance made with intent to defraud", provides that "[i]n an action or special proceeding brought by a creditor, receiver, trustee in bankruptcy, or assignee

---

[7] The Court should further note that there is a split among the courts of the Second Circuit as to whether a party seeking relief under §276 must plead or prove the fraudulent intent of *both* the transferor and the transferee.  *See, e.g.,* Barnard v. Albert (In re Janitorial Close-Out City Corp.), 2013 Bankr. LEXIS 523, *15-16 (Bankr. E.D.N.Y. 2013) (comparing cases).  Respectfully, even if, for the sake of argument only, that the transfer at issue could be deemed to have been mad with actual fraudulent intent by Michael, it is abundantly clear that Joshua never had such actual intent. By way of example, Joshua had relief on the advice of independent counsel that fair consideration had been provided for both Home Interiors acquisition of the Aziz, Inc. loan debt/loan documents from VNB and for the surrender of Aziz, Inc.'s assets to Home Interiors and that everything else concerning his/Home Interiors involvement was "in order".  Thus, it cannot be disputed that, at a minimum, Joshua never had anything other than honest, good faith intentions in connection with the transfer at issue.  *See* Gentry v. Kovler (In re Kovler), 249 B.R. 238, 244 (Bankr. S.D.N.Y. 2000) ("The actual intent must be based on fact and cannot rest on mere suspicion.").

14

for the benefit of creditors to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action or special proceeding the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors in such action or special proceeding, and the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment. The fee so fixed shall be without prejudice to any agreement, express or implied, between the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors and his attorney with respect to the compensation of such attorney." However, "it is not axiomatic that liability under DCL §276 gives rise to a right to recover attorney's fees under DCL §276-a. On the contrary, while recovery of a fraudulent transfer under DCL §276 only requires a showing of the transferor's fraudulent intent, recovery of attorney's fees under DCL §276-a requires the plaintiff to prove the fraudulent intent of both the transferor…and the transferee…" Barnard, 2013 Bankr. LEXIS 523, *22. As discussed at length above, Abbas has not established fraudulent intent on the part of either Michael or Joshua as a matter of law. As such, Abbas' request for summary judgment on its third claim for relief under §276-a of the New York Debtor and Creditor Law should be denied.

*4.    No Independent Claim Exists Under NY DCL §278*

Section 278 of the New York Debtor and Creditor Law, titled "Rights of creditors whose claims have matured", provides that:

1. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,

   a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

   b. Disregard the conveyance and attach or levy execution upon the property conveyed.

2. A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment.

Respectfully, a plain reading of the text of §278 of the New York Debtor and Creditor Law confirms that there is no independent claim or cause of action available thereunder. Rather, said provision merely states the rights and remedies of a creditor whose claim has "matured" after said creditor has established the existence of an actionable fraudulent conveyance under §§273, 274, 275 or 276 of the Debtor and Creditor Law, along with a statutory defense in favor of an innocent transferee.[8]    Accordingly, Abbas fourth claim for relief should be dismissed as it does not state a cause of action independent from Abbas' second and third claims for relief.

---

[8] Should this matter be permitted to proceed to trial, and for the reasons more fully discussed above, Joshua will seek to avail himself of the innocent transferee defense set forth in §278(2) of the New York Debtor and Creditor Law.

**E.    Summary Judgment is Not Warranted as to Abbas' Alleges Breach of Fiduciary Duty Claims Against Michael and Soraya**

Abbas also asks this Court to find that this case presents the rare and extraordinary circumstances necessary to impose a fiduciary obligation between the parties. Fiduciary relationships can either be express (by contract or express agreement) or implied based on the relationship between the parties. Mid-Island Hospital, Inc. v. Empire Blue Cross-Blue Shield, 276 F.3d 123,130 (2d Cir. 1993). The Supreme Court has recently stated that a fiduciary defalcation must include "a culpable state of mind ... one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." Bullock v. Bankchampaign, 133 S.Ct. 1754, 1757 (2013).

Under New York law, upon a corporation's insolvency, a duty is imposed upon its officers and directors not to divest the corporation of assets without affording creditors an opportunity to present and enforce their claims. See, e.g., New York Credit Men's Adjustment Bureau, Inc. v. Weiss, 278 A.D. 501, 503 (1st Dep't 1951), aff'd, 305 N.Y. 1 (1953). In this regard, the officers and directors of an insolvent corporation are essentially trustees of the corporation's assets for the benefit and protection of the rights of the corporation's creditors. Id.; see also RSL Communications PLC v. Bildirici, 649 F.Supp.2d 184, 202 (S.D.N.Y. 2009) (stating that, under the "trust fund doctrine", directors and officers of a fully insolvent corporation owe a fiduciary duty to hold remaining corporate assets in trust for the benefit of its creditors). This duty "exists only to ensure that the [officers and directors] do not funnel the assets of the corporation to themselves or to other shareholders, subverting the creditor's rights in bankruptcy." Geren v. Quantum Chem, Corp., No. 95-7554, 1995 WL 737512, *1 (2d Cir. Dec. 13, 1995) (citing Weiss, supra) (emphasis added). The loss sustained by creditors is the depletion of the insolvent

17

corporation's unencumbered assets available to satisfy creditors' unsecured claims resulting from an officer's or director's breach of their respective fiduciary duties and rendering the officers or directors liable for the value of the improperly depleted assets. <u>Weiss</u>, 278 A.D. at 503 (citations omitted).

Turning to the instant case, it is respectfully submitted that Abbas' request for summary judgment on its fifth claim for relief must be denied as against Michael and must be dismissed as against Soraya. Specifically, as confirmed not only by the authorities cited above but also by those cited by Abbas in support of the Motion, a fiduciary duty of the kind relied upon by Abbas[9] arises only as to *the officers and directors* of an insolvent corporation *and not the shareholders of the corporation*. In this regard, it is not disputed that Soraya was never an officer or director of Aziz, Inc., let alone at the time that its assets were surrendered to Home Interiors. Rather, Soraya merely holds a "passive" 47% equity interest in Aziz, Inc. and, as Abbas readily acknowledges, Michael has always been the sole officer and director of Aziz, Inc. As such, and as a matter of law, Soraya cannot be held liable for any breach of fiduciary duty as an officer or director of Aziz, Inc. upon its insolvency. Faced with this inconvenient black-letter law, Abbas disingenuously attempts to contend that, by the sole virtue of her 47% equity interest in Aziz, Inc., Soraya is "liable for the acts of her corporation." Abbas fails to cite even a single case in which any court extended the narrow fiduciary duty arising on the part of officers and directors to creditors of a

---

[9] In paragraph 52 to of his affidavit, Mr. Glauber simply alleges, without more, that:

> Michael Aziz is the owner of 53% of the stock of Aziz Inc., and is its president and sole director. Soraya is the owner of the other 47% of Aziz Inc.'s stock. Michael and Soraya breached their fiduciary duty to Abbas by stealing and attempting to steal Aziz Inc.'s assets so that it could not be levied on by Abbas in satisfaction of the Judgment. While Soraya will claim that she was not involved in the running of the business, that is irrelevant. As the 47% shareholder of this small family owned business, Soraya is liable for the acts of her corporation to the same extent as her husband Michael, such as the transfer of its $186,219 worth of inventory to Home Interiors for no consideration and its attempt to steal the Gregorian Receivable.

corporation upon its insolvency to mere shareholders even in cases of closely held or family owned corporation.   Accordingly, this claim should be dismissed as against Soraya Aziz.

With regard to Michael, as discussed above, the scope of the fiduciary duty to creditors imposed upon officers and directors of an insolvent corporation is limited to said officers' and directors' role as "trustees" of the corporation's assets with a duty not to divert the assets of the corporation *that might otherwise be available to satisfy the claims of creditors of the corporation.* This nuance is important as it is not disputed that all of Aziz, Inc.'s assets were encumbered by the security interests held by VNB who had priority with regard to the disposition of such assets ahead of any of Aziz, Inc,'s other creditors, including Abbas.   As such, any fiduciary duty owed by Michael to all of the creditors of Aziz, Inc. arising from Aziz, Inc.'s insolvency would be owed, in the first instance, to VNB as the senior secured creditor.   Aziz, Inc. could not sell and/or liquidate any of the senior secured collateral without the bank's prior written consent and without, in the first instance, the approval of the Bankruptcy Court.   Moreover, it is not disputed that a substantial portion of the amounts paid to VNB by Home Interiors were provided by Michael from his personal funds.

For the foregoing reasons, it is respectfully submitted that Abbas' fifth claim for relief should be dismissed as against Soraya.   It is further respectfully submitted that, at a minimum, issues of material fact exists which must be resolved at trial and, thus, Abbas' request for summary judgment on its fifth claim for relief as against Michael should be denied.

## CONCLUSION

Based upon the foregoing, the Responding Defendants respectfully submit that Abbas has failed to meet its burden of demonstrating that it is entitled to summary judgment on any of its claims for relief asserted in this action and, thus, the Court should deny the Motion in its entirety and grant such other and further relief as may be just and proper.

Dated: New York, New York
       May 26, 2017

**PICK & ZABICKI LLP**
Counsel to Defendants

By: _____
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
