UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABBAS CORPORATION (PVT) LIMITED,                Civil Action No.
                                                14 CV 6771 (VM)
                Plaintiff,
   -against-

MICHAEL AZIZ ORIENTAL RUGS, INC.,
MICHAEL AZIZ, MARK AZIZ,
JOSHUA AZIZ, SORAYA AZIZ, and
HOME INTERIORS CORP.,
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW OF PLAINTIFF ABBAS CORPORATION (PVT) LIMITED IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Dated:   June 30, 2017

                                          **DILWORTH PAXSON LLP**
                                          Ira N. Glauber
                                          99 Park Avenue, Suite 320
                                          New York, New York 10016
                                          Tel: (917) 675-4252

                                          *Attorneys for Plaintiff Abbas*
                                          *Corporation (PVT) Limited*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT** ..............................................................................................................................3

**POINT I**
**THE COURT SHOULD PIERCE THE CORPORATE VEIL**
**AND HOLD MICHAEL AZIZ PERSONALLY LIABLE FOR THE**
**JUDGMENT AND THE LOAN FROM ABBAS** ....................................................................3

      A.      Collateral Estoppel Effect Should Be Given
              To The Massachusetts Decision..............................................................3

      B.      The Corporate Veil Should Be Pierced.................................................3

**POINT II**
**SUMMARY JUDGMENT SHOULD BE AWARDED**
**ON ABBAS' CLAIM FOR FRAUDULENT CONVEYANCE**
**AGAINST MICHAEL AND JOSHUA** .......................................................................................5

      1.      DCL § 273 (Second Claim For Relief).................................................7

      2.      DCL § 276 (Third Claim For Relief)....................................................8

      3.      DCL § 276-a (third Claim For Relief)..................................................8

**POINT III**
**SUMMARY JUDGMENT SHOULD BE AWARDED TO**
**PLAINTIFF ON ITS CLAIM AGAINST MICHAEL FOR**
**BREACH OF FIDUCIARY DUTY** .............................................................................................9

**CONCLUSION** .........................................................................................................................10

## PRELIMINARY STATEMENT

Plaintiff Abbas Corporation (Pvt) Limited ("Abbas") submits this Reply Memorandum of Law in further support of its motion for summary judgment against defendants Michael Aziz ("Michael") and his son Joshua Aziz ("Joshua").

In October 2011, this Court entered a judgment for $438,517.92 against Michael's company, Michael Aziz Oriental Rugs, Inc. ("Aziz Inc."), following a bench trial in August 2011 for goods sold and delivered. Within weeks of entry of judgment, Aziz Inc. filed for bankruptcy. The bankruptcy papers show that Aziz Inc. had at least two assets: (i) a $136,000 receivable, which was owed to it by a company in Massachusetts named Arthur T. Gregorian, Inc. ("Gregorian" and the "Gregorian Receivable"); and (ii) an inventory of oriental carpets worth $186,000, according to Aziz Inc.'s bankruptcy schedules.

The bankruptcy case was voluntarily discontinued by Aziz Inc. in November 2013, thus permitting Abbas to commence judgment enforcement proceedings in Massachusetts to levy on the Gregorian Receivable in 2014. When Abbas did that, it learned that there was a mysterious entity named Home Interiors Corp. ("Home Interiors") which intervened in the Massachusetts proceedings and which claimed that it was a creditor of Aziz Inc. with superior rights to the receivable.

Home Interiors and Abbas engaged in extensive litigation before the United States District Court for the District of Massachusetts in an action entitled <u>Abbas Corporation (PVT) Ltd., Plaintiff and Home Interiors Corp., Intervener/Plaintiff v. Michael Aziz Oriental Rugs, Inc.</u>, Civil Action No. 14-mc-91053-TSH. After full discovery was taken in that action, U.S. District Court Judge Timothy S. Hillman issued a Decision and Order granting summary judgment to Abbas (the "Decision;" Exhibit A to the moving affidavit of Ira N. Glauber, Esq.).

In the Decision, the Court found that Home Interiors was a sham corporation that acted as Michael's alter ego to defeat Abbas' rights as a judgment creditor. To prevent Abbas (the judgment creditor) from levying on its assets, Aziz, Inc. embarked on a "scheme" to transfer its assets to a newly created "sham corporation" (Home Interiors) through "manipulations engaged in by Michael, Aziz, Inc., and Joshua." Decision of the Massachusetts federal court, at p. 9. It cost Abbas tens of thousands of dollars in legal fees in the Massachusetts action to unmask this scheme.

In the present action, Abbas has moved for summary judgment on its claims for piercing the corporate veil, fraudulent conveyance, and breach of fiduciary duty. It bases that motion on the doctrine of collateral estoppel because the factual findings and conclusions reached by the federal court in Massachusetts are fatal to Michael in this action. In opposing the motion, defendants ignore the Massachusetts Decision against them and pretend as if they did not do anything wrong. If that were the case, the Massachusetts court would not have ruled that defendants had engaged in a wrongful scheme through manipulations and use of a sham corporation. Collateral estoppel effect should be given to that ruling, and the Court should enter an order holding Michael personally liable for (i) the $438,517 judgment previously entered by this Court against Aziz Inc., (ii) the $500,000 loan that Aziz Inc. never repaid to Abbas, (iii) $186,000, representing the value of the carpet inventory wrongfully transferred, (iv) $136,000, representing the value of the Gregorian Receivable, and (v) the tens of thousands of dollars in legal fees that Abbas spent in both the Massachusetts action and in this action.[1]

---

[1] Abbas is in the process of finalizing a settlement of the Gregorian Receivable whereby Gregorian will pay Abbas $80,000 over three and a half years in satisfaction of the debt that Gregorian owed to Aziz. Had Abbas been able to pursue Gregorian in 2014 (instead of being stayed from doing so by Home Interiors), it believes it would have recovered the full $136,000. Thus, Abbas lost $56,000 as a result of defendants' scheme to hinder, delay, and frustrate enforcement of the Judgment. This assumes that Gregorian will pay the full $80,000 over the next three and a half years, which remains to be seen.

## ARGUMENT
## POINT I

### THE COURT SHOULD PIERCE THE CORPORATE VEIL AND HOLD MICHAEL AZIZ PERSONALLY LIABLE FOR THE JUDGMENT AND THE LOAN FROM ABBAS

**A. Collateral Estoppel Effect Should Be Given To The Massachusetts Decision**

Contrary to defendants' contentions, the Massachusetts court decided the identical issue between the identical parties as before this Court. The Massachusetts court decided that defendants engaged in a scheme to transfer assets of the judgment debtor (Aziz Inc.) to a sham corporation (Home Interiors) in order to defeat the right of the judgment creditor (Abbas) to levy on the judgment debtor's assets. There, the scheme involved Michael's "manipulations" (Decision at 9) to use his alter ego, Home Interiors, to prevent Abbas from levying on the Gregorian Receivable. Here, the scheme involves Michael's use of the same alter ego (Home Interiors) to prevent Abbas from levying on the same asset (the Gregorian Receivable), as well as $186,000 worth of carpet inventory that also was transferred to Home Interiors. Both cases involved the same basic scheme, the same injustice, and the same method to avoid paying this Court's judgment.

There also is a complete identity of parties. The Massachusetts court found that Home Interiors (the intervenor in that action) is the alter ego of both Michael and Aziz, Inc. (Decision at 7), and therefore Michael and Aziz, Inc. were the litigants in Massachusetts. Accordingly, the collateral estoppel requirement of identity of parties has been fully established. Therefore, this Court should give collateral estoppel effect to the Massachusetts federal court decision. See Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) and the other cases cited at pp. 4-6 of Abbas' initial memorandum of law dated April 7, 2017.

**B. The Corporate Veil Should Be Pierced**

Defendants' Memorandum of Law In Opposition to Plaintiff's Motion for Summary Judgment ("Def. Memo"), at 6, correctly notes that a court may pierce the corporate veil where the defendant has abused the corporate form so as to perpetrate a wrong or injustice. That is exactly what the Massachusetts court found was done by Michael. As the Massachusetts court ruled:

> Abbas must establish that Michael/Aziz Inc., through Home Interiors, perpetrated an injustice on it such that the Court, exercising its equitable powers, will intervene and extinguish Home Interior's lien against Aziz Inc.'s assets which, for purpose of this case is compromised of the Gregorian Receivable. For the following reasons, I find that Abbas has made the requisite showing. (Decision at 8).

The Massachusetts court also determined that Michael misused the corporate form:

> In other words, Home Interiors was created as a sham corporation for the sole purpose of cutting off Abbas's right to Aziz Inc.'s assets, including the Gregorian Receivable, in favor of Michael and Aziz Inc. (Decision at 9).

Defendants contend that none of the factors for piercing the corporate veil of Aziz Inc. (such as inadequate capitalization or absence of corporate formalities) have been met. Def. Memo. at 6; 9. However, Michael used more than $300,000 of his personal money to pay off Aziz Inc.'s debt to Valley National Bank, and put the money into Aziz Inc.'s alter ego Home Interiors to create the fiction that Home Interiors was a bona fide creditor of Aziz Inc. with a lien on Aziz Inc.'s assets. All of this was part of his scheme to prevent Aziz Inc.'s judgment creditor (Abbas) from levying on Aziz, Inc.'s assets. These are sufficient facts - - as the Massachusetts Court ruled under New York law - - to pierce the corporate veil of Aziz Inc. and hold Michael personally liable for Aziz Inc.'s debts to Abbas.

This is not a situation where a judgment debtor simply runs out of money and cannot pay its judgment. Were that the situation, this case would have been over in October 2011, when Aziz Inc. filed for bankruptcy two weeks after this Court entered judgment against it. Instead, Michael and his family masterminded a sophisticated and convoluted scheme to (i)

4

set up Home Interiors as a "sham corporation" to act as Michael's alter ego (in Judge Hillman's words); (ii) to have the sham corporation pay off the bank with Michael's money instead of having Michael pay that money directly; (iii) to have the sham corporation buy the bank's note (again using Michael's money) so that it could pretend to be a creditor of Aziz, Inc.; (iv) to have the sham corporation intervene in Abbas' action in Massachusetts to levy on the Gregorian Receivable by claiming that the sham corporation is a bona fide creditor of Aziz, Inc.; and (v) to have Aziz Inc. transfer to the sham corporation its carpet inventory for no consideration. Judge Hillman saw through this scheme, and this Court should do so as well.[2]

As shown in the cases cited in plaintiff's initial brief at pp. 7-13, the courts have discretion to pierce the corporate veil whenever necessary to achieve equity, based on the specific facts and equities of each specific situation. See JSC Foreign Econ. Ass'n. Technostroyexpert v. Int'l Develop. And Trade Servs. Inc., 295 F. Supp.2d 366, 377 (S.D.N.Y. 2003). Moreover, as recently held in Liquidx Inc. v. Brooklyn Capital, LLC, 2017 WL 2266879, *7 (S.D.N.Y. May 23, 2017), the court may pierce the corporate veil even without a showing of fraud where, as here, the corporate form has been abused.[3]

## POINT II

### SUMMARY JUDGMENT SHOULD BE AWARDED ON ABBAS' CLAIM FOR FRAUDULENT CONVEYANCE AGAINST MICHAEL AND JOSHUA

---

[2]   Defendants admit that Aziz Inc. is liable for the $500,000 that it borrowed from Abbas. Since Aziz Inc. is out of business, entering a $500,000 judgment against it for the loan would be pointless because that judgment would be unenforceable, just like the October 2011 judgment for $438,517 is unenforceable. Rather, judgment should be entered against Michael personally for Aziz Inc.'s debts to Abbas because of the scheme that he perpetrated to frustrate enforcement of the 2011 judgment.

[3]   Defendants submitted several declarations from friends of Michael in which they say that he asked them to lend him money. The court should ignore these declarations - - they are not probative of anything. All that Michael is trying to do is to re-litigate the finding of the Massachusetts court that he engaged in a scheme. The Court should not permit this.

Defendants spend page upon page of their opposition papers trying to convince this Court that their transfer of Aziz's assets (the inventory and receivable) to Home Interiors was proper.[4] However, Judge Hillman already found that this transfer was improper:

- "In this case, there are sufficient facts which are not in dispute to support a finding that Home Interiors is the alter ego of Michael/Aziz Inc." (Decision at 7.)
- "It is clear that Home Interiors was created for the sole purpose of benefiting Michael and Aziz Inc. at the expense of Abbas, a judgment creditor." (Decision at 8.)
- "In other words, Home Interiors was created as a sham corporation for the sole purpose of cutting off Abbas' right to Aziz Inc.'s assets, including the Gregorian Receivable, in favor of Michael and Aziz Inc." (Decision at 9.)

Michael makes the same argument here that he made before the Massachusetts court - - namely, that because Valley National bank had a lien on Aziz Inc.'s assets, his scheme did not make any difference. Judge Hillman considered this identical argument and rejected it:

> "Under these circumstances, the court is hard pressed to conclude that the parties would be in the same position absent the manipulations engaged in by Michael, Aziz Inc., and Joshua." (Decision at 9.)

Judge Hillman then stated the following in a footnote on page 9 of the Decision:

> Home Interior's suggestion to the contrary is, as it well knows, meritless. In the first instance, Valley National Bank would likely have exercised its right to execute against Michael under his guaranty. On the record before me, it is at least arguable that Valley National Bank could have obtained full or close to full payment from Michael. Aziz, Inc.'s assets would then remain available to Abbas to satisfy its judgment. At the same time, Michael and Aziz, Inc. would be in a significantly worse financial position - - obviously, this is the scenario they were trying to avoid by engaging in the above described scheme.

Defendants point out that Judge Hillman did not use the word "fraud" in his decision, and claim that they did not act with intent to defraud. However, the findings made in the

---

[4] Abbas believes that inventory worth much than $186,000 was wrongfully transferred, but it has been unable to locate that inventory. Because the Statement of Operations filed by Abbas in the bankruptcy case as of September 30, 2013 states that its ending inventory was worth $186,219, this is the amount that Abbas seeks. See Glauber Aff., Ex. F. Other documents filed by Aziz Inc. in the bankruptcy (id., Ex. G) refer to "owned inventory at cost." Thus, the $186,216 inventory figure relates to its actual cost and not to its book value, as defendants erroneously state.

Massachusetts action show that Michael acted with intent to frustrate enforcement of this Court's judgment and thus harm Aziz Inc.'s judgment creditor.

Fair consideration was not given for the transfers because Aziz Inc. and Home Interiors were one and the same (i.e., they were alter egos of each other). Therefore, the alleged "debt" pursuant to which Home Interiors claimed to have a lien against Aziz Inc. was as phony as a three dollar bill.

1. DCL § 273 (Second Claim For Relief)

DCL § 273 makes it fraudulent for an insolvent corporation to convey assets without fair consideration regardless of fraudulent intent. See cases cited at plaintiff's previous memorandum of law, at 16-17. There is no question that Aziz Inc. was insolvent when it conveyed its remaining inventory, valued at $186,000, to Home Interiors, at the end of its bankruptcy case in November 2013, and when it conveyed the Gregorian Receivable. While defendants pretend that Home Interiors paid fair consideration for the transfer (Def. Memo at 11), Home Interiors was Aziz Inc.'s alter ego, and therefore Aziz Inc. was not transferring the inventory to a bona fide third party; instead, it was putting the inventory under the name of Home Interiors to shield it from levy by Aziz Inc.'s judgment creditor. It is self-evident that no consideration was paid for the transfer.

The Massachusetts court stated the following regarding the inventory:

> Home Interiors is in possession and custody of Aziz Inc.'s remaining inventory of carpets as part of the "surrender" of assets to Home Interiors immediately upon dismissal of the Aziz Inc.'s bankruptcy in November 2013, and is selling them off supposedly to repay the "loan" from Michael. (Decision at 5.)

Thus, Aziz, Inc. was not paid anything for transferring its inventory to Home Interiors. Instead, the inventory was transferred to Home Interiors as part of its scheme to frustrate enforcement of the judgment.

119652325_1

2. DCL § 276 (Third Claim For Relief)

Section 276 of the New York Debtor and Creditor Law provides that a conveyance made with "actual intent . . . to hinder, delay or defraud" creditors is fraudulent. Defendants contend that there is nothing in the ruling of the Massachusetts court to establish intent to defraud creditors on the part of Michael. However, Judge Hillman's entire ruling is premised on the conclusion that Michael, through his alter ego Home Interiors, intended to wrongfully frustrate, hinder, and delay enforcement of the judgment. Therefore, this Court should hold Michael liable for fraudulent conveyance.

3. DCL § 276-a (third Claim For Relief)

Section 276-a of the New York Debtor Creditor Law enties a creditor to recover legal fees where the defendant makes a conveyance with actual intent to hinder, delay, or defraud. Home Interiors litigated against Abbas for two years in Massachusetts, with discovery and motion practice. As a result, Michael and his sham entity caused Abbas to incur tens of thousands of dollars in legal fees. DCL § 276-a empowers this Court to order Michael to reimburse Abbas for those legal fees.[5]

In addition, when Aziz Inc.'s bankruptcy ended, Aziz Inc. was in possession of $186,000 worth of carpets in its inventory. Abbas attempted to locate and levy on that inventory, but it was prevented from doing so by the fact that the inventory had been transferred to Home Interiors. Abbas had to bring this action to enforce its legal rights to that inventory. This too cost Abbas tens of thousands of dollars in legal fees. It seeks reimbursement from Michael for the legal fees that it incurred in this action under DCL 276-a.

---

[5] This court has jurisdiction over Michael, who is a New York resident. Therefore, it is for this court, and not the Massachusetts court, to enter judgment against Michael.

119652325_1

## POINT III

## SUMMARY JUDGMENT SHOULD BE AWARDED TO PLAINTIFF ON ITS CLAIM AGAINST MICHAEL FOR BREACH OF FIDUCIARY DUTY

Defendants acknowledge that officers and directors of an insolvent corporation are personally liable to creditors where assets are transferred in order to frustrate enforcement of a judgment.[6] However, defendants claim that Michael cannot be liable for breach of fiduciary duty because Valley National Bank had a lien on Aziz Inc.'s assets. (Def. Memo at 19). However, Judge Hillman already disposed of this argument when he ruled (in the footnote on page 9 of his decision) that Valley National Bank would have obtained full payment from Michael's personal assets, and therefore "Aziz Inc.'s assets would then remain available to Abbas to satisfy its judgment." (Decision ay 9, fn. 3.)

Judge Hillman undoubtably was correct. It is undisputed that Valley National Bank held the mortgage to Michael's $1.5 million home in Great Neck. All the bank had to do was foreclose on the mortgage and it would have received full payment of the debt owed to it. The bank obviously would have preferred to do this than try to seize $186,000 worth of oriental rugs and try to get paid on the $136,000 Gregorian Receivable. It was precisely to prevent the bank from foreclosing on the mortgage that Michael used his personal money to pay off the bank.

It is clear that Michael wanted to prevent Aziz Inc.'s judgment creditor (Abbas) from getting the rug inventory and Gregorian receivable even though Abbas was entitled to those assets in satisfaction of its judgment. Therefore, he concocted the scheme described in Judge Hillman's decision by creating a sham corporation (Home Interiors) and engaging in a series of manipulations that made no economic sense. Because of the Massachusetts court's summary

---

[6] Since Soraya Aziz (Michael's wife) was a stockholder but not an officer or director of Aziz Inc., plaintiff agrees with defendants that Soraya cannot be liable for breach of fiduciary duty.

judgment ruling, Michael should be found liable for breach of fiduciary duty for conveying Aziz Inc.'s assets to his sham corporation.

Defendant pretends that Michael is too old to have masterminded the scheme in question, and they ask the court to have sympathy for him. Yet, this Court's post-trial Decision of October 2011 demonstrates that Michael does not deserve any sympathy. Aziz Inc. purchased over $400,000 worth of carpets from Abbas, and refused to pay for it by pretending that there was a joint venture with Abbas, which allegedly absolved Aziz Inc. of liability to make payment for its purchase. This Court rejected that preposterous argument out of hand and entered judgment against Aziz Inc. for non-payment of the debt. Aziz Inc. borrowed another $500,000 form Abbas that it never paid back. Thus, Aziz, Inc. owes more than $900,000 to Abbas. When Abbas tried to recover a small portion of what was owed to it by levying on the Gregorian Receivable and by trying to find and seize the carpet inventory, Michael did everything he could to frustrate enforcement of the judgment, which cost Abbas tens of thousands of dollars in legal fees. If anyone deserves sympathy in this situation, it is Abbas, not Michael.

## CONCLUSION

For the reasons set forth herein, plaintiff's motion for summary judgment should be granted.

Dated: New York, New York
June 30, 2017

> **Dilworth Paxson LLP**
>
> By: _/s/ Ira N. Glauber_
> Ira N. Glauber
> *99 Park Avenue, Suite 320*
> *New York, New York 10016*
> *Tel: (917) 675-4252*
> *Attorneys for Plaintiff Abbas*
> *Corporation (PVT) Limited*