UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABBAS CORPORATION (PVT) LIMITED,

                              Plaintiff,

        -against-

MICHAEL AZIZ ORIENTAL RUGS, INC.,
MICHAEL AZIZ, MARK AZIZ,
JOSHUA AZIZ, SORAYA AZIZ, and
HOME INTERIORS CORP.,

                              Defendants
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/18

14 Civ. 6771 (VM)

**JUDGMENT**

        **WHEREAS**, Plaintiff Abbas Corporation (Pvt) Limited ("Abbas") filed a motion for summary judgment in the above-captioned action; and

        **WHEREAS**, the Court, Hon. Victor Marrero, U.S. District Judge, issued an Order on March 29, 2018 and a Decision and Order on April 3, 2018 (the "Decision") which granted in part, and denied in part, the motion for summary judgment; and

        **WHEREAS**, for the reasons stated in the Decision, the Court ruled that Defendant Michael Aziz (who is also known as Moussa Aziz) shall be personally liable for the following debts and obligations of Michael Aziz Oriental Rugs, Inc. ("MAOR"): (a) the $438,517.92 judgment previously entered by the Court on October 17, 2011 against MAOR (the "Judgment"), plus interest; and (b) a $500,000 loan made by Plaintiff to MAOR on September 18, 2008, plus interest;[1] and

---

[1] While the Court held that the fraudulent transfer of $186,219 worth of inventory shall be set aside, Abbas has not shown that the assets transferred no longer exist and that a money judgment is proper. See Decision at 26, 31; see also Marine Midland Bank v. Murkoff, 508 N.Y.S.2d 17, 25 (App. Div. 2d Dep't 1986) ("The creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance."). The Court further held that any amounts that have been or will be recovered by Abbas from the Gregorian Receivable or the $186,219 worth of inventory shall apply to satisfaction of the Judgment amount. See Decision at 31. Abbas states that it has received $20,000 from Arthur T. Gregorian, Inc. to date, and therefore the Judgment amount is reduced by $20,000. Dkt. No. 69 ¶ 3.

**WHEREAS**, in the Decision, the Court further held MAOR liable for non-payment of the $500,000 loan plus interest; and

**WHEREAS**, in the Decision, the Court further held that Plaintiff shall recover reasonable attorneys' fees incurred in the action from Defendant Michael Aziz.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiff Abbas Corporation (Pvt) Limited, whose address is 20 Industrial Zone, Gulberg-III, Lahore, Pakistan, have judgment and recover against Defendant Michael Aziz, a/k/a Moussa Aziz, residing at 57 Cricket Club Drive, Roslyn, New York, 11576, the principal sum of $918,517.92, plus interest in the amount of $238,492.53, plus legal fees in the sum of $71,379, for a total judgment against Michael Aziz, a/k/a Moussa Aziz, in the sum of $1,228,389.45, and that Plaintiff shall have execution therefor.

The Clerk of Court is directed to calculate post-judgment interest on the $438,517.92 Judgment, accruing from October 17, 2011, pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to tax costs in favor of the Plaintiff.

Judgment entered this 5th day of June 2018.

                                                  Hon. Victor Marrero,
                                                United States District Judge